UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. BEARD,
MICHELLE L. BEARD,

       Plaintiffs,

                                       File No.  1:15-CV-1232

v.

                                       HON. ROBERT HOLMES BELL

HSBC MORTGAGE SERVICES, INC.,

       Defendant.

_____/

## **OPINION**

       This is an action for: (1) wrongful foreclosure; (2) breach of contract; (3) fraudulent misrepresentation; (4) slander of title; (5) declaratory relief to bar a foreclosure under the doctrine of unclean hands; and (6) equitable conversion to a judicial foreclosure. (Compl., ECF No. 1.) This action was filed in state court on October 30, 2015, and removed to this Court on November 25, 2015. On December 14, 2015, the Court denied Plaintiffs' request for a preliminary injunction. Before the Court is Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (ECF No. 13).

## **I.**

       The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). In reviewing a motion under Rule 12(b)(6), the Court must

"'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but it "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).   A complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677), *cert. denied*, 132 S. Ct. 1583 (2012).

Generally, when reviewing a Rule 12(c) or Rule 12(b)(6) motion to dismiss, "a district court may not consider matters beyond the complaint." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001)). "[I]t may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.

Plaintiffs Charles J. and Michelle L. Beard claim an interest in real property located in Three Rivers, Michigan, at 16622 Lovers Lane (the "Property"). Defendant HSBC Mortgage Services, Inc. ("HSBC") was the holder of the mortgage on the Property and purchased the Property at a sheriff's sale on April 16, 2015, after Plaintiffs defaulted on their mortgage obligations. This action was filed in St. Joseph County Circuit Court on October 30, 2015. On November 2, 2015 the state court granted an ex parte motion for a temporary restraining order staying the expiration of the redemption period and barring HSBC from evicting Plaintiffs from the Property until a hearing on the motion that was scheduled for

December 1, 2015. HSBC removed the action to this Court on November 25, 2015. After a hearing in this Court, the Court denied the motion for a preliminary injunction.

## A. Wrongful Foreclosure

In Count I of the complaint, Plaintiffs claim that Defendant wrongfully foreclosed on the property in violation of state law, Mich. Comp. Laws § 600.3201 et seq., and federal law, i.e., the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 et seq., and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. Among other things, Plaintiffs allege that Defendant (1) failed to provide notice of the default before accelerating the mortgage; (2) commenced foreclosure when Defendants were being considered for a loan modification; and (3) failed to notify Plaintiffs that the mortgage and servicing rights were transferred to a third party.

Under Michigan law, a mortgagor may redeem a property within six months of the foreclosure sale by paying the requisite amount. Mich. Comp. Laws § 600.3240. "If a mortgagor fails to avail him or herself of the right of redemption, all of the mortgagor's rights in and to the property are extinguished." *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014) (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514 (Mich. 1942)); *see* Mich. Comp. Laws § 600.3236 (providing that, unless a property is redeemed within the redemption period, "all the right, title, and interest" of the mortgagor is vested in the deed of sale).

-4-

In this case, the redemption period expired on October 16, 2016, six months after the foreclosure sale. Because the redemption period has expired, Plaintiffs' ability to challenge the foreclosure is limited. *See Bryan*, 848 N.W.2d at 485; *see also Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013); *El–Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013) ("A strict reading of the statute suggests that once the redemption period expires, the homeowner has no legal interest in the property that litigation might vindicate."). To challenge the foreclosure, Plaintiffs must make a "clear showing of fraud or irregularity." *Hamood v. Comerica Bank*, No. 322833, 2016 WL 155756, at *2 (Mich. Ct. App. Jan. 12, 2016) (citing *Bryan*, 848 N.W.2d at 485). This is a "high standard" for Plaintiffs to meet. *Conlin*, 714 F.3d at 360. "[N]ot just any type of fraud [or irregularity] will suffice." *Id.* Rather, it must relate to the foreclosure proceeding itself. *Id.* In addition, Plaintiffs must show that they were prejudiced. In other words, "they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim v. JPMorgan Chase Bank, NA*, 825 N.W.2d 329, 337 (Mich. 2012).

### 1. Irregularity

As to "irregularity" or non-compliance with the foreclosure statute, Plaintiffs allege that Defendant failed to notify them of their default. Plaintiffs assert that they were not aware of the foreclosure sale because they never saw a notice of sale posted on the Property. Michigan law does not require the holder of the mortgage to notify the mortgagor of default.

It requires the mortgagee to provide notice that the mortgage will be foreclosed by a sale of the property. Mich. Comp. Laws § 600.3208. To satisfy the notice requirement, a notice must be published in the local newspaper once a week for four weeks prior to the sale. *Id.* In addition, a copy of the notice must be posted in a "conspicuous place" upon the premises. *Id.* Exhibits to Plaintiffs' complaint indicate that Defendant complied with this requirement. Those exhibits include a sheriff's deed which attests that notice of foreclosure for the Property was posted in the county newspaper and in a conspicuous place on the Property. (Sheriff's Deed, ECF No. 1, PageID.58.) Another exhibit indicates that the notice was affixed to the door frame of Plaintiffs' home. (Affidavit of Posting, ECF No. 1, PageID.60.) Under Michigan law, such documentation is "presumptive evidence of the facts therein contained." Mich. Comp. Laws § 600.3264. Plaintiffs do not allege that Defendant failed to provide the notice required by the statute. The fact that Plaintiffs did not see these notices does not mean that the foreclosure was invalid. The statute does not require "actual notice." *See Whitfield v. OCWEN Berkeley Federal Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001) (rejecting claim that foreclosure was invalid where plaintiff did not have actual notice of the sale).

Plaintiffs also contend that Defendant did not properly calculate the amount due on the date of the notice of foreclosure. (Compl. ¶ 73.) Under Michigan law, the notice of foreclosure must contain the "amount claimed to be due on the mortgage on the date of the

notice." Mich. Comp. Laws § 600.3212(c). Plaintiffs do not allege any prejudice as a result of this error, however.

Plaintiffs further contend that Defendant did not comply with federal law. 12 C.F.R. § 1024.41, known as "Regulation X," provides that the servicer of a loan may not refer a mortgage for foreclosure proceedings in certain circumstances. For instance, before reviewing a loss mitigation application, the servicer may not begin foreclosure proceedings unless a loan obligation is more than 120 days delinquent. 12 C.F.R. § 1024.41(f)(1). If a borrower submits a complete application for a loss mitigation application, the servicer may not refer the mortgage for foreclosure until notifying the borrower that the borrower is not eligible for a loss mitigation option. 12 C.F.R. § 1024.41(f)(2). In addition, if a borrower submits a complete loss mitigation application after the first notice of foreclosure, but more than 37 days before the foreclosure sale, the servicer may not move for an order of sale before notifying the borrower that the borrower is not eligible for any loss mitigation option. 12 C.F.R. § 1024.41(g)(1).

Plaintiffs contend that Defendant posted a notice of sale for the Property while they were still being considered for loss mitigation options. These allegations do not permit a challenge to the foreclosure, however, because they involve non-compliance with the process for providing a loan modification. "An alleged irregularity in the loan modification process . . . does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015).

Plaintiffs also contend that Defendant did not comply with TILA, which provides that within 30 days after a mortgage loan is sold or transferred to another party, the new owner of the mortgage must notify the borrower of the transfer. 15 U.S.C. § 1641(g)(1). Similarly, Plaintiffs contend that Defendant did not comply with a requirement in RESPA that the servicer of a federally regulated mortgage loan notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person. 12 U.S.C. § 2605(b). The foregoing defects are not irregularities in the foreclosure process. Moreover, Plaintiffs do not allege that any lack of notice prejudiced them. Thus, any alleged failure to notify Plaintiffs of the transfer from one mortgage holder to another, or of the transfer from one servicer to another, does not permit a challenge to the foreclosure sale. Thus, Plaintiffs have not alleged an irregularity that would warrant an equitable extension of the redemption period.

### 2. Fraud

As to fraud, Plaintiffs contend that Defendant told them that "it would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance options." (Compl. ¶ 90.) This allegation does not suffice to permit an equitable extension of the redemption period because the fraud alleged does not concern fraud in the foreclosure proceeding itself. *See Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012) (rejecting claim of fraud based on oral assurance to delay the foreclosure sale). "[T]he fraud or irregularity must be in 'conducting the legal

measures.'" *Id.* (quoting *Heimerdinger v. Heimerdinger*, 299 N.W. 844, 846 (Mich. 1941)). Any representation made by Defendant to delay the foreclosure proceedings would have taken place prior to the foreclosure proceedings. It was not a fraud in "the legal measures" of the foreclosure process. *Id.*

In short, Plaintiffs have not stated a claim of fraud or irregularity to justify a challenge to the foreclosure. Consequently, Plaintiffs do not state a claim for wrongful foreclosure under state law.

On the other hand, Defendant does not address Plaintiffs' federal claims under RESPA and TILA. Although these claims are asserted under the general umbrella of "wrongful foreclosure" in Count I, they are separate claims. RESPA, for instance, permits "a private right of action against lenders who evaluate a loss mitigation application while at the same time pursuing foreclosure." *Houle v. Green Tree Servicing, LLC*, No. 14-CV-14654, 2015 WL 1867526, at *3 (E.D. Mich. Apr. 23, 2015). Plaintiffs cannot undo the foreclosure sale, but they may be entitled to damages for Defendant's alleged failure to comply with RESPA and/or TILA. Consequently, the Court will grant Defendant's motion as to the claim for wrongful foreclosure under Michigan law, but will deny the motion as to Plaintiffs' claims under RESPA and TILA.

### B. Breach of Contract & Breach of Implied Covenant of Good Faith

In Count II of the complaint, Plaintiffs allege that Defendant breached the mortgage

agreement by failing to provide notice of default containing all the elements required by

Paragraph 22 of the mortgage agreement, which provides:

> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. . . .

(Ex. 2 to Compl., ECF No. 1, PageID.48.) In addition, Plaintiffs allege that Defendant

breached an implied covenant of good faith and fair dealing by failing to send the notice of

default, by negotiating loss-mitigation assistance with Plaintiffs, and by misleading Plaintiffs

about "approval and extension of loss mitigation assistance as an alternative to foreclosure."

(Compl. ¶ 88.)

### 1. Breach of Contract

Defendant argues that Plaintiffs cannot state a claim for breach of contract based on

Defendant's failure to provide an adequate notice of default because Plaintiffs acknowledge

that they were the first ones to breach the contract when they defaulted on their payment

obligations. "'The rule in Michigan is that one who first breaches a contract cannot maintain

an action against the other contracting party for his subsequent breach or failure to

perform.'" *Michaels v. Amway Corp.*, 522 N.W.2d 703, 706 (Mich. Ct. App. 1994) (quoting

*Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972)). But this rule "only applies when the initial breach is substantial." *Id.* In this instance, Plaintiffs' failure to make its mortgage payments was not a substantial breach. In the mortgage agreement, the parties expressly contemplated that if a default occurred, Defendant would provide notice prior to acceleration. "A 'substantial breach' is one 'where the breach effects such a change in the operation of the contract that further performance by the other party is rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party.'" *Jawad v. Hudson City Savings Bank*, No. 15-1047 (6th Cir. Jan. 29, 2016) (citing *McCarty v. Mercury Metalcraft Co.*, 127 N.W.2d 340, 343 (Mich. 1964)). Plaintiffs' failure to pay did not render notice of acceleration ineffective or impossible. Indeed, "[a] breach *contemplated by the language of the contract*," as in this case, "is unlikely to render performance impossible, especially when the contract provides for a contingency in the event of that breach." *Id.* (emphasis added). Consequently, Defendant's argument is without merit.[1]

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs also assert that Defendant breached an implied covenant of good faith and fair dealing when Defendant failed to send the notice of default and pursued foreclosure while negotiating a loan modification. Defendant notes that "Michigan does not recognize

---

[1]The Court acknowledges that, when responding to the motion for a preliminary injunction, Defendant offered evidence that it sent a notice of default to Plaintiffs and, thus, did not breach the mortgage agreement. This evidence is not properly before the Court on a motion under Rule 12(b)(6). The Court declines to convert the motion into one under Rule 56.

a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006) (citing *Belle Isle Grill Corp. v. Detroit*, 666 N.W.2d 271, 279 (Mich. Ct. App. 2003)).

Plaintiffs argue that there is an exception to this rule, which arises "when the parties have agreed to defer decision on a particular term of the contract." *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003). Plaintiffs contend that approval of a loan modification application is a matter left to Defendant's discretion. That may be true, but loan modification is not a "term" of the mortgage agreement. The mortgage agreement does not require Defendant to even consider a modification to the mortgage, let alone provide that the parties will defer a decision on a modification to Defendant. Plaintiffs and Defendant did not agree on the manner in which the mortgage could be modified. *See Cheesewright v. Bank of Am., N.A.*, 2013 WL 639135, at *4–5 (E.D. Mich. Feb. 21, 2013) (noting that the implied duty of good faith and fair dealing does not apply where the parties have "unmistakably expressed their respective rights" in a mortgage and note). Thus, Plaintiffs fail to state a claim for breach of the implied covenant of good faith and fair dealing.

### C. Fraudulent Misrepresentation

In Count III, Plaintiffs assert a claim of fraudulent misrepresentation. Plaintiffs allege that Defendant falsely represented that it would not begin foreclosure proceedings while the parties were negotiating a loan modification. This claim is barred by the statute of frauds, which states that "[a]n action shall not be brought against a financial institution to enforce

[a promise or commitment to waive a provision of a loan or make any other financial accommodation] unless the promise or commitment is in writing and signed." Mich. Comp. Laws § 566.132(2).

Defendant's representation amounts to a promise to delay the foreclosure proceedings. "[T]he Michigan Court of Appeals has clearly interpreted § 566.132(2) to include promises to delay foreclosure sales . . . ." *Williams*, 508 F. App'x at 469 (citing *FEI Co. v. Republic Bank*, S.E., No. 268700, 2006 WL 2313612, at *2 (Mich. Ct. App. Aug. 10, 2006)). Consequently, Defendant's representation must have been in writing and signed in order for it to be legally enforceable. Plaintiffs assert that Defendant made an "oral agreement" to delay the proceedings. (Pls.' Br. in Opp'n to Mot. to Dismiss, ECF No. 21, PageID.330.) Such an agreement does not satisfy the statute of frauds.

Plaintiffs argue that the statute of frauds does not apply if their claim is construed as a claim of promissory estoppel rather than a claim of fraudulent misrepresentation. Michigan courts have indicated that "[p]romissory estoppel, if established, can be invoked to defeat the defense of the Statute of Frauds." *McMath v. Ford Motor Co.*, 259 N.W.2d 140, 142 (Mich. Ct. App. 1977). But the statute of frauds in Mich. Comp. Laws § 566.132(2) is a "broad ban" on claims against financial institutions based on oral agreements and representations; it "plainly states that a party is precluded from bringing a claim–no matter its label–against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App.

2000). The Michigan Court of Appeals has expressly considered and rejected the argument that a party can avoid the statute of frauds in Mich. Comp. Laws § 566.132(2) by pleading a claim for promissory estoppel. *Id.* at 72-73. Consequently, Plaintiffs' argument is without merit. Defendant's motion will be granted as to Count III.

### D. Slander of Title

In Count IV, Plaintiffs assert a claim of slander of title under common law and under Mich. Comp. Laws § 565.108, because Defendant recorded a deed transferring the Property. "To prove slander of title under the common law, a claimant 'must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages.'" *Fed. Nat'l Mortg. Ass'n v. Lagoons Forest Condo. Ass'n*, 852 N.W.2d 217, 223 (Mich Ct. App. 2014) (quoting *B & B Inv. Group v. Gitler*, 581 N.W.2d 17 (Mich. Ct. App. 1998)). "The same three elements are required in slander of title actions brought under MCL 565.108 . . . ." *Id.* "[T]he crucial element is malice." *Gehrke v. Janowitz*, 223 N.W.2d 107, 109 (Mich. Ct. App. 1974).

"A plaintiff may not prevail on a slander-of-title claim if the defendant's 'claim under the mortgage [or lien] was asserted in good faith upon probable cause or was prompted by a reasonable belief that [the defendant] had rights in the real estate in question.'" *Fed. Nat'l Morg. Ass'n*, 852 N.W.2d at 270 (quoting *Glieberman v. Fine*, 226 N.W. 669, 670 (Mich. 1929)). In this case, there is no question that Defendant had a good faith basis to assert rights in the Property. Defendant was the holder of the mortgage on the Property. (Compl. ¶ 12.)

Plaintiffs defaulted on their mortgage obligations. There are no allegations supporting a plausible inference of malice. Consequently, Plaintiffs do not state a slander-of-title claim.

### E. Declaratory Relief

Count V of the complaint seeks a declaration that foreclosure on the Property is barred by the doctrine of unclean hands. Specifically, Plaintiffs allege that Defendant acted in bad faith when processing their application for a modification of the mortgage loan. As indicated in the previous sections, however, Plaintiffs' allegations do not support a plausible inference of bad faith in the foreclosure process. Moreover, Plaintiffs have not alleged a sufficient basis for challenging the foreclosure sale.

Furthermore, the doctrine of unclean hands does not apply. It is a defense to an action in equity, not an independent cause of action to undo a foreclosure by advertisement. *See Durr v. Bank of Am., N.A.*, No. 12-11840, 2013 WL 6050140, at *7 (E.D. Mich. Nov. 15, 2013) ("[T]he doctrine of unclean hands cannot be applied against Defendants because foreclosure by advertisement is not an equitable action."). A *judicial* foreclosure is an equitable action. Mich. Comp. Laws § 600.3180. In contrast, the foreclosure by advertisement undertaken by Defendant was a legal action, not an equitable one. *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at *4 (Mich. Ct. App. Apr. 12, 2007) (unclean hands doctrine held inapplicable because "defendants were not seeking relief in equity. Their title obtained through the mortgage foreclosure was based in law"). Accordingly, the motion will be granted as to Count V.

### F. Preliminary Injunction

Count VI seeks preliminary injunctive relief, which this Court has already denied. Thus, Count VI is moot.

### G. Conversion to Judicial Foreclosure

Count VII seeks to convert the foreclosure on the Property to a judicial foreclosure pursuant to Mich. Comp. Laws § 600.3205c(8). As noted by Plaintiffs, this statute was repealed effective June 30, 2014. (Compl. ¶ 121.) Nevertheless, Plaintiffs ask the Court to impose an equitable mortgage on the Property, because they no longer have any recourse under the foregoing statute. Plaintiffs assert that an equitable mortgage would give them a means to contest the wrongful foreclosure.

The Court is aware of no authority that would permit an equitable mortgage in these circumstances. As discussed with respect to Count I, Plaintiffs' rights, title, and interest in the Property have been extinguished. Plaintiffs do not state a valid basis for challenging the foreclosure or claiming an interest in the Property. Thus, the Court will grant Defendant's motion as to Count VII.

### III.

In summary, Defendant's motion will be granted in part and denied in part. The Court enter partial judgment in Defendant's favor as to all of Plaintiffs' claims, except the RESPA and TILA claims in Count I and the breach-of-contract claim in Count II.

An order will be entered that is consistent with this opinion.

Dated: <u>May 31, 2016</u>                    <u>/s/ Robert Holmes Bell</u>
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE