UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. BEARD and
MICHELLE L. BEARD,

        Plaintiffs,

Case No. 1:15-cv-1232

Hon. Janet T. Neff

v.

HSBC MORTGAGE SERVICES,
INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is now before the Court on a motion filed by defendant HSBC Mortgage Services, Inc. ("HSBC") "for an order granting defendant's pending and unopposed motion for summary judgment, ECF no. 30, or in the alternative, an order dismissing plaintiff's complaint with prejudice pursuant to Fed. R. Civ. P. 41(B) for failure to prosecute and comply with a court order, ECF no. 39" (docket no. 42).[1] The motion is unopposed.

### I.    Background

Plaintiffs, through counsel, filed this action in the St. Joseph County Circuit Court on October 30, 2015. *See* Complaint (docket no. 1, PageID.10). Defendant HSBC subsequently removed this matter to federal court. *See* Notice of Removal (docket no. 1, PageID.1-6). The Court previously summarized plaintiffs' claim as follows:

---

[1] This report and recommendation is limited to HSBC's alternative motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 41(b). The motion for summary judgment (docket no. 30) has not been referred to the undersigned.

>       Plaintiffs Charles J. and Michelle L. Beard claim an interest in real property
> located in Three Rivers, Michigan, at 16622 Lovers Lane (the "Property").
> Defendant HSBC Mortgage Services, Inc. ("HSBC") was the holder of the mortgage
> on the Property and purchased the Property at a sheriff's sale on April 16, 2015, after
> Plaintiffs defaulted on their mortgage obligations. This action was filed in St. Joseph
> County Circuit Court on October 30, 2015. On November 2, 2015 the state court
> granted an ex parte motion for a temporary restraining order staying the expiration
> of the redemption period and barring HSBC from evicting Plaintiffs from the
> Property until a hearing on the motion that was scheduled for December 1, 2015.
> HSBC removed the action to this Court on November 25, 2015. After a hearing in
> this Court, the Court denied the motion for a preliminary injunction.

Opinion (docket no. 23, PageID.392-393). Plaintiffs alleged six counts against HSBC (1) wrongful foreclosure; (2) breach of contract; (3) fraudulent misrepresentation; (4) slander of title; (5) declaratory relief to bar a foreclosure under the doctrine of unclean hands; and (6) equitable conversion to a judicial foreclosure). *Id*. at PageID.390. In an order entered on May 31, 2016 (docket no. 24), the Court entered partial judgment in HSBC's favor "as to all of Plaintiffs' claims, except the RESPA and TILA claims in Count I and the breach-of-contract claim in Count II." Opinion at PageID.405; Order at PageID.406.

The Court issued a scheduling order (docket no. 28) stating that Rule 26(a)(1) disclosures shall be made by August 1, 2016, that discovery shall be completed by October 1, 2016, and that dispositive motions shall be filed by November 1, 2016. HBSC moved for summary judgment on November 1, 2016. *See* Motion for summary judgment (docket no. 30). HSBC's motion included about 380 pages of exhibits which document the events leading up to the foreclosure action. *Id.*. On November 28, 2016, four days before plaintiffs' response was due (December 2, 2106), their attorney, Mr. Lutz, moved to withdraw. The Court granted the motion to withdraw on December 28, 2016, stating that "[t]he plaintiffs are granted 30 days to obtain counsel or file a *pro se* appearance." Order (docket no. 39). Plaintiffs did neither. Now, HSBC has moved

to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(b) and for failure to prosecute and comply with this Court's order requiring them to either retain new counsel or enter a *pro se* appearance within 30 days.

## II. Discussion

Fed. R. Civ. P. 41(b) provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

The Sixth Circuit considers four factors in determining whether to dismiss a case pursuant to Fed. R. Civ. P. 41(b):

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

*Knoll v. American Telephone & Telegraph Company*, 176 F.3d 359, 363 (6th Cir. 1999).

With respect to the first factor, the record reflects that plaintiffs are willfully failing to prosecute this case, with their actions bordering on bad faith. As discussed, plaintiffs have not owned the house since HSBC purchased it at the sheriff's sale on April 16, 2015. By filing this lawsuit, plaintiffs have been able to either continue to live there or to prevent HSBC from taking possession of it for about two years. Plaintiffs' counsel filed his motion to withdraw four days

3

before the response date for HSBC's motion for summary judgment. By filing a motion to withdraw at that time, plaintiffs were guaranteed that a resolution of the motion for summary judgment would be delayed and the resolution of their lawsuit delayed. At the December 28, 2016 hearing on plaintiff's counsel's motion to withdraw, defendant's counsel took the position that the motion to withdraw was a delay tactic. Counsel reported that his plaintiffs had not yet returned the interrogatories which he sent to them, that they don't "give a hoot" about the house, and that they have not answered calls or e-mails "in a long time," and "they know what the status of the case is." *Plaintiff's* counsel clearly believed that his clients had abandoned the case and recommended to the Court that plaintiffs be given 30 days to get new counsel or the case gets dismissed.[2] After due consideration and argument, the Court allowed plaintiffs' counsel to withdraw, requiring that plaintiffs either obtain counsel within 30 days, or file a *pro se* appearance. Plaintiffs did neither. Moreover, since counsel's departure, plaintiffs did not address outstanding discovery, file a response to the motion for summary judgment, or respond to the present motion for involuntary dismissal. In short, the record reflects that plaintiffs did not cooperate with their counsel prior to his withdrawal, and that they have abandoned this lawsuit, while at the same time continuing to live in a house which they do not own.

Second, HSBC has been prejudiced by plaintiffs' actions, which have prevented HSBC from taking possession of property which it purchased in foreclosure about two years ago. As discussed, defendant's counsel stated that plaintiffs are still living on the property. This is

---

[2] Plaintiffs did not attend the hearing on counsel's motion to withdraw. Plaintiff's were directed to attend the hearing in person when it was originally scheduled for December 16, 2016, and when it was rescheduled to December 27, 2016. However, the hearing was rescheduled on short notice to December 28, 2016.

4

confirmed by the Court's docket sheet, which reflects that plaintiffs' address is 16622 Lovers Lane, Three Rivers, Michigan. In addition, HSBC's counsel has represented to the Court that plaintiffs have been living at the property rent-free since filing this lawsuit to the detriment HSBC. *See* HSBC Brief (docket no. 42, PageID.924-925).

Third, this Court has not explicitly advised plaintiffs that their failure to pursue this litigation or follow court orders could result in dismissal. It is unclear whether their counsel warned them of this possibility. Nevertheless, plaintiffs were advised that they had to obtain new counsel or enter a *pro se* appearance within 30 days. They did neither. Plaintiffs are aware that HSBC filed a motion for summary judgment on this case in November 2015 seeking judgment against them, and they have not filed a response. Plaintiffs are aware that HSBC filed the present motion to dismiss in February 2017, and they have not filed a response. In addition, plaintiffs cannot claim ignorance of Fed. R. Civ. P. 41(b), which sets forth the common sense rule that the court may dismiss your lawsuit if you fail to pursue it. *See generally, Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) ("*Pro se* litigants are required to follow the rules of civil procedure"); *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999) ("Even those not versed in the law recognize the centuries-old maxim that 'ignorance of the law is no excuse' . . . To allow an ignorance of the law excuse would encourage and reward indifference to the law."). Based on this record, although plaintiffs were not explicitly warned that their case may be dismissed for failure to prosecute, they have notice that this could occur.

Fourth, the Court concludes that any lesser sanction would serve no purpose in this case other than to further extend the proceedings with no end in sight. As discussed, plaintiffs essentially abandoned this litigation after filing it, resulting in the withdrawal of their attorney. If

5

a plaintiff files a lawsuit and abandons it, the appropriate sanction is dismissal. *See, e.g., Morley v. Commissioner of Social Security*, No. 12-14653, 2013 WL 2051326 at *1 (E.D. Mich. May 14, 2013) ("[a]s to the fourth factor, Plaintiff has effectively abandoned the case, so dismissal is the only appropriate remedy available".). Any lesser sanction would allow a plaintiff to sit back and watch while a defendant wastes its resources in monitoring and responding to an abandoned lawsuit, force the defendant to incur unnecessary attorney fees, and waste the Court's resources in addressing a non-existent controversy. Such a result is contrary to Fed. R. Civ. P. 1, which provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Having considered the four factors relevant to an involuntary dismissal under Fed. R. Civ. P. 41(b), the Court concludes that dismissal is appropriate in this case due to plaintiffs' clear record of delay and contumacious conduct. Accordingly, HSBC's motion to dismiss should be granted.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that defendant's motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 41(b) (docket no. 42) be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

Dated: April 18, 2017          /s/ Ray Kent
                                                  RAY KENT
                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).